IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ALLEN RAINWATER,

    Plaintiff,                      No. 2:11-cv-2929 EFB P

    vs.

JAN SCULLY, et al.,

    Defendants.             <u>ORDER</u>

        Plaintiff, a civil detainee, proceeds pro se with this civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff alleges that defendant prosecutors Jan Scully and Donna Gissing used plaintiff's "private mental health information" during proceedings to have plaintiff civilly committed as a sexually violent predator to the custody of the California Department of Mental Health, and that they also used this private information in a news article and a news release. Plaintiff purports to bring a claim pursuant to 42 U.S.C. § 1983. For the reasons stated below, plaintiff fails to state a cognizable claim and leave to amend appears to be futile.

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

The U.S. Court of Appeals for the Ninth Circuit has recognized a limited right to informational privacy protected by the federal Constitution's Due Process Clause. *Seaton v. Mayberg*, 610 F.3d 530, 537-39 (9th Cir. 2010). In the context of California's civil commitment procedure for sexually violent predators, however, any constitutional right to privacy of medical information is not protected. *Id.* at 539 (reasoning that such information is not protected because the disclosure is limited to the parties and the court and remains confidential for all other purposes, there is a substantial need for access to the information to protect the public, and there is an express statutory mandate to protect the public from persons whose mental illness causes them to be sexually violent predators). Accordingly, plaintiff fails to state a claim based on defendants' alleged use of his private mental health information in his civil commitment proceedings, and further amendment could not cure the deficiency in this claim.

Plaintiff also alleges that defendants violated his right to privacy by issuing a "news release" and a "case of interest" announcement containing plaintiff's private mental health information. However, the court may disregard these allegations, as they are contradicted by the complaint's attached exhibits. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Plaintiff attaches to the complaint the referenced news articles, neither of which includes plaintiff's private mental health information. *See* Dckt. No. 1. Rather, the articles note plaintiff's "history of sexual offenses" and the fact that plaintiff has been deemed a sexually violent predator. *See id.* These disclosures do not amount to a constitutional violation. *See Seaton*, 610 F.3d at 539 (noting that criminal convictions are already matters of public record and that privacy is already lost by laws requiring registration on publicly available lists); *id.* at 540-41 (explaining that

3

1  sexually violent predator evaluations are for the benefit of the public and cannot be treated "as
2  constitutionally secret").  Accordingly, plaintiff fails to state a cognizable claim based on
3  defendants' alleged use of his private mental health information in a news release and case of
4  interest announcement, and further amendment would not cure the deficiencies in this claim.
5       Plaintiff's claims are not cognizable and must be dismissed without leave to amend.
6  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district
7  courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are
8  not required to grant leave to amend if a complaint lacks merit entirely.").
9       Accordingly, IT IS HEREBY ORDERED that:
10      1. Plaintiff's application for leave to proceed in forma pauperis (Dckt. No. 2) is granted;
11 and
12      2.  The complaint is dismissed for failure to state a claim and the Clerk is directed to
13 close this case.
14 DATED:  August 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4